UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **Meagan Murray,** § § | |
| **Plaintiff,** § § | |
| § | Case Number 5:23-cv-439 |
| v. § § | |
| **River Hills CHM LLC,** § § | |
| **Defendant.** § | |

## Complaint & Jury Demand

1. The Plaintiff, Meagan Murray, sues Defendant, River Hills CHM LLC, pursuant to the False Claims Act, as amended by the Fraud Enforcement and Recovery Act of 2009, for suffering adverse employment actions due to her opposition to improper Medicare billing by Defendant.

2. The Honorable Court has original jurisdiction over the action pursuant to 31 U.S.C. § 3730(h)(2).

3. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2).

4. Plaintiff resides in Kerrville, Texas.

5. Defendant is a domestic limited liability company.

6. Defendant has a principal place of business in Sterling City, Texas.

7. Defendant accepts monies from Medicare and Medicaid.

8. Defendant accepts monies from the government to pay for one or more of its patients.

9. Defendant bills the government.

10. Defendant provides services to patients.

11. Defendant conducts business in Kerrville, Texas as River Hills Health & Rehabilitation Center.

12. Defendant provides rehabilitation services.

13. Defendant has 150 beds in Kerrville, Texas.

14. Plaintiff was an employee of Defendant.

15. On or about March 24, 2023, Plaintiff reported concerns of fraudulent billing.

16. On or about March 27, 2023, Plaintiff reported her concerns to the State of Texas.

17. Plaintiff specifically reported to her supervisor, Eddy Valdes, that she was concerned with fraudulent billing by one of the Speech-Language Pathologists.

18. Eddy Valdes works for Defendant.

19. Eddy Valdes is the rehabilitation director.

20. Immediately after Plaintiff reported the matter to Eddy Valdes, he took retaliatory action against Plaintiff.

21. Eddy Valdes declared to Plaintiff when she reported fraudulent billing as follows: "Thank you for informing me that I should start auditing your billing now."

22. Eddy Valdes, also, stated: "Maybe I should move the speech office closer to my office so I can watch you like I do the other therapy gym."

23. Eddy Valdes became hostile towards Plaintiff.

24. Eddy Valdes followed Plaintiff out to the parking lot.

25. Eddy Valdes stared at Plaintiff.

26. Eddy Valdes made inappropriate comments to Plaintiff.

27. Eddy Valdes tried to intimidate Plaintiff, because she reported fraudulent billing.

28. Eddy Valdes was acting on behalf of Defendant.

29. Eddy Valdes besmirched Plaintiff because she engaged in protected activity.

30. Eddy Valdes recommended to Baily Hillman, the administrator, that Plaintiff be terminated.

31. On March 30, 2023, Defendant discharged Plaintiff.

32. Defendant discharged Plaintiff within seven days of Plaintiff engaging in protected activity.

33. Bailey Hillman relayed to Plaintiff that she was being terminated for her action of reporting Medicare fraud.

34. Bailey Hillman and Eddy Valdes claim that Plaintiff was not permitted to report what she believed in good faith was Medicare fraud.

35. Eddy Valdes told employees of Defendant, after Plaintiff's termination, that Plaintiff was terminated for creating a hostile work environment.

36. Eddy Valdes made this statement to discourage other employees from reporting Medicare fraud.

37. Eddy Valdes' initial intimidation of Plaintiff was an attempt by Eddy Valdes to discourage Plaintiff from continuing with her complaint of Medicare fraud.

38. Because of Plaintiff's good faith belief that Defendant was overbilling the government, she was prematurely terminated and denied benefits.

39. Defendant discouraged Plaintiff from continuing with complaint of Medicare fraud in violation of 31 U.S.C. § 3730(h).

40. Plaintiff was terminated by Defendant in violation of 31 U.S.C. § 3730(h).

41. Defendant cast Plaintiff in a false light after her termination in violation of 31 U.S.C. § 3730(h).

42. Eddy Valdes acted for the benefit of Defendant.

43. Defendant acted in reckless disregard of the False Claims Act.

44. Defendant put profits over people by allowing overcharging and false certifications of bills to the government.

45.     Defendant created an atmosphere where Medicare fraud was rewarded, and reporting of violations was punished.

Wherefore, Plaintiff demands judgment, trial by jury, front pay, two times the amount of back pay, prejudgment interest, compensatory damages, special damages, attorneys' fees, costs and any other relief deemed appropriate and just.

Respectfully submitted this 11th day of April 2023,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Mazaheri & Mazaheri
P.O. Box 656
Frankfort, Kentucky 40602
Email - bernie@thelaborfirm.com
Tel – (502) 475-8201

*Attorney for Plaintiff Murray*
